[Cite as *Cincinnati Enquirer v. Univ. of Cincinnati*, 2020-Ohio-5279.]

| | |
|---|---|
| THE CINCINNATI ENQUIRER, A DIVISION OF GANNETT GP MEDIA, INC. | Case No. 2020-00144PQ |
| | Judge Patrick M. McGrath |
| Requester | DECISION AND ENTRY |
| v. | |
| UNIVERSITY OF CINCINNATI | |
| Respondent | |

{¶1} Respondent University of Cincinnati (UC) objects to a special master's report and recommendation (R&R) issued on September 17, 2020.

I. **Background**

{¶2} On February 27, 2020, pursuant to R.C. 2743.75(D), requester The Cincinnati Enquirer, A Division of Gannett GP Media, Inc. (Enquirer) brought a civil lawsuit against UC in which the Enquirer alleged a denial of access to public records. The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. After mediation partially resolved disputed issues between the parties, UC responded to the complaint and moved to dismiss. On September 17, 2020, the special master issued a R&R wherein he recommended denying the motion to dismiss. (R&R, 3.) The special master also recommended the following:

> I recommend the court order respondent to provide requester with unredacted copies of the UCPD [University of Cincinnati Police Department] records filed under seal. I further recommend the court order respondent to provide requester with all "public files (including but not necessarily limited to: personal notes, written communications, interview transcripts, etc.) [of] the investigative case created by Andrea Goldblum on 2/13/19 regarding William Houston and backlash that followed his

reception of a triumph cord due to his criminal history in late January-early February 2019" that have not already been released. I recommend the court order that requester is entitled to recover from respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that it has incurred. I recommend that costs be assessed to respondent."

(R&R, 15-16.)

{¶3} On September 28, 2020, UC filed written objections to the R&R.  UC's counsel served a copy of UC's objections on the Enquirer's counsel by means of the court's Odyssey eFileOH system and email, according to a certificate of service accompanying UC's objections.

{¶4} On October 6, 2020, the Enquirer filed a written response to UC's objections.[1] The Enquirer's counsel served a copy of the document on UC's counsel by means of the court's Odyssey eFileOH system and email, according to a certificate of service accompanying the document.  The next day the Enquirer filed an amended certificate of service wherein the Enquirer's counsel certified that he served a copy of the Enquirer's response on UC's counsel via certified mail on October 7, 2020.

## II. Law and Analysis

{¶5} R.C. 2743.75(F)(2) governs objections to a special master's R&R.  Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a

---

[1] On October 5, 2020, the Enquirer filed a document labeled "Response of the Cincinnati Enquirer to the Supplemental Brief of Respondent University of Cincinnati."  This document appears to be substantially similar to the Enquirer's response of October 6, 2020.

copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶6} UC has timely objected to the R&R. UC has failed, however, to comply with R.C. 2743.75(F)(2)'s requirement to serve a copy of its written objections by certified mail, return receipt requested. UC's objections therefore are procedurally deficient under R.C. 2743.75(F)(2).

{¶7} The Enquirer has timely responded to UC's written objections. The Enquirer has complied with R.C. 2743.75(F)(2)'s requirement to serve a copy of its response by certified mail, according to an amended certificate of service.[2]

{¶8} Despite UC's failure to comply with R.C. 2743.75(F)(2)'s procedural requirements, the court will consider UC's objections in the interest of justice.

{¶9} Pursuant to R.C. 2743.75(F)(2), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." UC presents the following objections:

(1) **"Request No. 1 should be denied because FERPA [The Family Education Rights and Privacy Act] prohibits the disclosure of records with personally identifiable information and the records requested are not law enforcement records as that phrase is defined;"** and

(2) **"Request No. 2 should be denied because FERPA was implicated by the request for records of a named student, and the request was overbroad, vague and lacked clarity under well-established law."**

{¶10} UC characterizes Request No. 1 in its objections as: "All Records shared with Andrea Goldblum, former UC Title IX coordinator, by Lt. David Brinker of UC Police

---

[2] The Enquirer's amended certificate of service of October 7, 2020 does not identify whether a return receipt was requested with the certified mailing.

regarding William Houston, the same William Houston shown in the attached photo. All other records shared by anyone else with UCPD with Goldblum regarding Houston."

{¶11} UC characterizes Request No. 2 in its objections as: "All public files (including but not limited to: personal notes, written communications, interview transcripts, etc.) pertaining to the investigative case created by Andrea Goldblum on 2/13/19 regarding William Houston and backlash that followed his reception of a triumph cord due to this criminal history in late January – early February 2019."[3]

{¶12} Because UC's objections are interrelated, the court shall consider UC's objections together. UC contends in its first objection that the special master did not apply *Krouse v. Ohio State Univ.*, Ct. of Cl. No. 2018-00988PQ, 2018-Ohio-5014, in the R&R. UC further contends in its first objection that the requested records are not "law enforcement records" based on the definition of that phrase in FERPA, and are not "post-enrollment records" that are exempted from FERPA. It is true that the special master did not discuss *Krouse* in the R&R, but such an omission is not fatal. However, 34 C.F.R. 99.8(b)(1) (which applies to FERPA) provides: "Records of a law enforcement unit means those records, files, documents, and other materials that are —(i) Created by a law enforcement unit; (ii) Created for a law enforcement purpose; and (iii) Maintained by the law enforcement unit." Here as the special master stated in the

---

[3] In the Report and Recommendation (R&R), the special master characterized the disputed records as falling into two categories:

> [T]he records remaining in dispute fall into two categories:
>
> 1. "[R]ecords regarding the named student that were shared with a former Title IX coordinator by a Lieutenant with the UC Police Department,"
>
> and,
>
> 2. "records relat[ing] to an investigative case file created by the former Title IX coordinator relating to a 'backlash' over the same student receiving a 'triumph cord' at his graduation ceremony."

(R&R, 4.)

R&R, "The pleadings, the affidavits of Lieutenant David H.Brinker, and review of the records filed under seal *demonstrate that officers of the UCPD gathered and compiled a file of other-agency incident reports for law enforcement purposes.*" (R&R, 9.)  Thus, the requested records fall within the definition of a law enforcement record under FERPA. And, since the records should be construed as law enforcement records, any suggestion by UC that the records should be construed as "education records" is not supported under the plain language of 20 U.S.1232(g)(4)(B)(ii) (providing that the term "education records" does not include "records maintained by a law enforcement unit of the educational agency or institution that were created by that law enforcement unit for the purpose of law enforcement").

{¶13} Additionally, 34 C.F.R. 99.8(d) provides: "The Act neither requires *nor prohibits* the disclosure by an educational agency or institution of *its law enforcement unit records.*"  (Emphasis added.)  Since the requested records should be construed as law enforcement records, it follows that under the Ohio Public Records Act the requested records do not constitute records the release of which is prohibited by federal law.  *See* R.C. 149.43(A)(1)(v) (providing that a "public record" does not mean records the release of which is prohibited by state or federal law).  And it further follows that UC has not met its burden to show that the requested records fall squarely within an exception under R.C. 149.43.  *See State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus (holding that exceptions to disclosure under the Public Records Act, R.C. 149.43, "are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception").

{¶14} Moreover, the court is not persuaded by UC's contention in its second objection that the Enquirer's Request No. 2 was prohibited under FERPA or that the Enquirer's request was overbroad, vague, and lacked clarity.

{¶15} The court determines that UC's objections should be overruled.

## III. Conclusion

{¶16} The court OVERRULES UC's objections to the special master's R&R of September 17, 2020. The court adopts the special master's R&R. The court ORDERS UC to forthwith provide the Enquirer with unredacted copies of the UCPD records filed under seal and to forthwith provide the Enquirer with all "public files (including but not necessarily limited to: personal notes, written communications, interview transcripts, etc.) [of] the investigative case created by Andrea Goldblum on 2/13/19 regarding William Houston and backlash that followed his reception of a triumph cord due to his criminal history in late January-early February 2019" that have not already been released. (R&R, 15-16.) The Enquirer is entitled to recover from UC the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Enquirer, but the Enquirer is not entitled to recover attorney fees. Judgment is rendered in favor of the Enquirer. Court costs are assessed against UC. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed October 13, 2020**
**Sent to S.C. Reporter 11/13/20**